UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT LIGON                    ]
    Petitioner,               ]
                                ]
v.                              ]      No. 3:13-0698
                                ]      Judge Sharp
UNITED STATES OF AMERICA        ]
    Respondent.               ]

**M E M O R A N D U M**

    The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Complex in Yazoo City, Mississippi. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

    On August 20, 2012, the petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of crack cocaine. United States of America v. Robert Ligon, Criminal No.3:11-00012 (M.D. Tenn.); Docket Entry No.1154. He also pled guilty to being a convicted felon in possession of a firearm. United States of America v. Robert Ligon, Criminal No.3:12-00167 (M.D. Tenn.).

    For the conspiracy conviction, the petitioner received a sentence of 180 months in prison, to be followed by five years of supervised release. The firearm conviction brought the petitioner

1

a concurrent sentence of 120 months in prison, to be followed by three years of supervised release. Criminal No.3:11-00012; Docket Entry No.1155.

There was no direct appeal of the convictions taken by the petitioner. However, on July 15, 2013, he filed the instant Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No.1).

In the Motion, the petitioner asserts two claims for relief. These claims include :

1) the ineffectiveness of counsel for failing to file a requested appeal;[1] and

2) petitioner is entitled to re-sentencing under 18 U.S.C. § 3582.

Upon its receipt, the Court conducted a preliminary review of petitioner's Motion and found that it stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.5) entered November 15, 2013, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules --- § 2255 Cases.

Presently before the Court is the government's Response (Docket Entry No.13) to the Motion, to which the petitioner has offered no reply.

The petitioner contends that the Fair Sentencing Act of 2010 entitles him to a reduction in his conspiracy sentence (Claim

---

[1] Petitioner was represented by "Bo" Taylor, a member of the Davidson County Bar.

No.2). This claim has been previously raised and rejected by the Court. Criminal No.3:11-00012; Docket Entry No.1801. In any event, the petitioner waived in his plea agreement any § 2255 challenge to the sentences. *Id.*; Docket Entry No.1154 at pg.22 ("Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)"). Therefore, this claim has no merit.

The petitioner further alleges that he asked his attorney to file an appeal of the convictions. Counsel failed to do so. Plaintiff contends that this constitutes a denial of his right to the effective assistance of counsel (Claim No.1).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). As part of the plea agreement, though, the petitioner waived his right to appeal any issue bearing on the determination of his guilt or the sentences imposed upon him. Criminal No.3:11-00012; Docket Entry No.1154 at pgs.21-22. It would appear at first blush, therefore, that counsel could not have been deficient for failing to file an appeal that the petitioner had waived in a plea agreement.[2]

Nevertheless, the Sixth Circuit has recently held to the contrary. In Campbell v. United States of America, 686 F.3d 353 (6th Cir.2012), the Sixth Circuit stated "that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id.* at pg.360. As a consequence, if the petitioner did in fact instruct his attorney to file an appeal and counsel neglected to do

---

[2] The appellate waiver was not absolute. The petitioner reserved the right to raise on appeal claims of involuntariness, prosecutorial misconduct and ineffective assistance of counsel. Criminal No.3:11-00012; Docket Entry No.1154 at pg.22.

4

so, counsel's failure may have denied the petitioner the effective assistance of counsel.

Petitioner has pled that he instructed counsel to file an appeal. The respondent has provided an Affidavit (Docket Entry No.14-1) from petitioner's attorney in which counsel states that he has no recollection or record of the petitioner ever asking him to file an appeal. Because the resolution of this factual dispute is pivotal to petitioner's claim for relief, the Court *must* conduct an evidentiary hearing to determine if the petitioner did in fact express a desire for an appeal as he now asserts. Campbell, *supra* at pg.360.

Accordingly, an order shall be entered referring this action to the Magistrate Judge with instructions to conduct the requisite evidentiary hearing.

_____
Kevin H. Sharp
United States District Judge

5